DA 14-0531

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 105N

RODNEY A. EDMUNDSON,

      Petitioner and Appellant,

  v.

MONTANA DEPARTMENT OF
CORRECTIONS, GREAT FALLS
REGIONAL PRISON,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV-14-124
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Rodney Arnette Edmundson, Self-Represented, Deer Lodge, Montana

      For Appellee:

      Robert Lishman, Special Assistant Attorney General, Montana
Department of Corrections, Helena, Montana

Submitted on Briefs:  March 4, 2015
Decided:  April 14, 2015

Filed:

_____
Clerk

FILED

April 14 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0531

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Edmundson appeals from an order of the Eighth Judicial District Court, Cascade County, affirming the decision by the Montana Human Rights Commission (Commission). The Commission had reviewed and upheld a dismissal of Edmundson's 2013 discrimination claim by the Montana Human Rights Bureau (HRB). The District Court found no error in the Commission's contested decision. We affirm.

¶3 The issue on appeal is whether substantial evidence supported the Commission's decision that no reasonable cause exists to believe the Montana Department of Corrections committed race discrimination.

¶4 At the time of his complaint, Edmundson was an inmate with the Montana Department of Corrections (DOC) at the Great Falls Regional Prison. Edmundson initiated an action with the HRB alleging racial discrimination on April 13, 2013, and the HRB conducted an investigation. In his communications with the HRB, Edmundson claims that he was denied medical and dental services and employment opportunities, as well as subjected to unwarranted disciplinary sanctions, because he is African-American. The HRB is the appropriate body to hear this matter under the Montana Human Rights

Act (Title 49, MCA). This statute enforces Montana's constitutional mandate ensuring individual dignity. Mont. Const. art. II, § 4.

¶5 Of the four issues raised in Edmundson's complaint, the HRB investigator found that Edmundson had established a prima facie case in only one area, that of employment. Once a prima facie case is established under Montana and federal law, an inference of discrimination arises by operation of law irrespective of whether direct evidence of discrimination exists. *Martinez v. Yellowstone Cnty. Welfare Dep't*, 192 Mont. 42, 48, 626 P.2d 242, 246 (1981), citing *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 98 S. Ct. 2943 (1978). The burden of proof then shifts to the defendant to provide probative evidence establishing "some legitimate, nondiscriminatory reason for the employee's rejection." *Martinez*, 192 Mont. at 49, 626 P.2d at 246, citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). In this case, evidence was provided by the DOC Kitchen Hiring Manager that kitchen positions are sought-after jobs in prison. "Because it's a privilege . . . to work in the kitchen . . . If an inmate isn't transferred, and stays in compliance, they don't leave the job typically." The kitchen manager, therefore, hires cooks and bakers who have previous experience in the food service industry. The manager stated that Edmundson did not have this experience listed on his work request and the HRB found this to be a legitimate, non-discriminatory reason for DOC's employment decision. Admin. R. M. § 24.9.610(3); *Taliaferro v. State*, 235 Mont. 23, 28, 764 P.2d 869, 864 (Mont. 1988). Dishwashing jobs are filled in the order the manager receives the requests. Edmundson's request had not yet been considered as there was no available position. Based on this and other evidence in the record, the HRB

3

Investigator determined there was "no reasonable cause to believe unlawful discrimination occurred as alleged in Charging Party's complaint." The complaint was dismissed on October 17, 2013, and Edmundson was given notice of his right to file civil action and/or seek a review by the Commission.

¶6 Edmundson appealed the HRB's decision to the Commission, which employs an abuse of discretion standard of review. Section 49-2-511(2), MCA. The Commission reviewed the matter and concluded that the HRB did not abuse its discretion under § 49-2-511(2), MCA. Edmundson sought judicial review in District Court where the Commission's final decision was affirmed. Edmundson now appeals.

¶7 On appeal of a district court's ruling on a contested administrative decision, "we review findings of fact for clear error and conclusions of law for correctness." *Baxter Homeowners Assn. v. Angel*, 2013 MT 83, ¶ 11, 369 Mont. 398, 298 P.3d 1145. "This Court gives deference to interpretations of the Montana Human Rights Commission concerning the laws [that] it enforces." *Martinell v. Mont. Power Co.*, 268 Mont. 292, 302, 886 P.2d 421, 428 (1994). As is the District Court, the Montana Supreme Court is bound by § 2-4-704(2), MCA which states, in relevant part, that the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. A reviewing court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (i) in violation of constitutional or statutory provisions . . . ; (iv) affected by other error of law; (v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (vi) arbitrary or

4

capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

¶8 We examine the record established by the HRB as well as the Commission's own proceedings to determine whether substantial evidence supports the Commission's decision that no reasonable cause exists to believe DOC committed race discrimination. The elements of a prima facie case of discrimination will vary according to the type of charge and the alleged violation, but generally, Edmundson must prove: (i) That he is a member of a protected class; (ii) That he sought and was qualified for an employment or service; and (iii) That he was denied the opportunity, or otherwise subjected to adverse action because of membership in a protected class. Admin. R. M. 24.9.610(2)(a)(i)-(iii).

¶9 With regard to Edmundson's medical services claim, the District Court found that Edmundson failed to satisfy the prima facie elements of race discrimination. Edmundson is African-American and, therefore, a member of a protected class. The District Court, however, found no evidence Edmundson was denied medical services based on his race. The record, instead, contains evidence that the Great Falls Regional Prison medical provider who examined Edmundson did not believe Robaxin, a muscle relaxant, was indicated for Edmundson's condition. Similarly, Edmundson's request for Lortab after a dental procedure was not granted because Lortab contains acetaminophen, to which Edmundson had previously stated he had adverse reactions. In both instances, there existed a reason to deny Edmundson's preferred treatment, neither of which was based on race.

5

¶10 With regard to the sanctions levied by the DOC when Edmundson entered another inmate's cell, the District Court observed that during the same month, five other inmates received the same sanctions and four of those inmates were Caucasian. Edmundson, therefore, failed to establish a prima facie case demonstrating race discrimination on this claim. *Albert v. City of Billings*, 2012 MT 159, ¶ 27, 365 Mont. 454, 282 P.3d 704.

¶11 Finally, the District Court reviewed the prima facie case established by Edmundson with the HRB with regard to his denial of employment. It confirmed that Edmundson demonstrated that: (1) He is a member of a protective class; (2) He was qualified for the position; (3) He was rejected; and, (4) The DOC hired an individual who was not in Edmundson's protective class. *Martinez*, 192 Mont. at 48, 626 P.2d at 246. The District Court agreed with the Commission that (1) the DOC was able to articulate a legitimate, non-discriminatory reason for its employment decision (citing the fact that the manager said he did not have the requisite experience to be a cook and that his request to be dishwasher had not yet risen to the top of the list) and (2) that Edmundson failed to show that the reason given by the DOC was pre-textual. The District Court referenced the roster of those working in the kitchen indicating that "a majority of employees in the kitchen were in a protected class."

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. The District Court's interpretation and application of the law were correct. The District Court's findings of fact are not clearly erroneous. Having reviewed the briefs and the record on appeal, we conclude that the Appellant has not met his burden of persuasion.

¶13    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER